## Seman v. West Penn Railways Co.

*Herman M. Buck*, for plaintiff.

*E. J. McDaniel*, for defendant.

MORROW, J., November 19, 1940. — This suit was brought by plaintiff to recover for loss occasioned by damage to his automobile arising from a collision with a street car at a grade crossing. The evidence was submitted to a jury with instructions on the law of negligence and contributory negligence. The jury returned a verdict in favor of defendant company.

At the trial plaintiff, to prove his loss by reason of the damage to his automobile, called as a witness the man who repaired the car. This witness was asked to state the amount of his estimate of the cost of repair and was then asked if he repaired the car in accordance with his estimate, to which he replied that he did. On cross-examination he was asked if his bill was paid. Over objection he was allowed to answer. His answer was: "G. E. I. C. paid us." Counsel for plaintiff then said: "That is objected to as not responsive to the question, and we move that it be stricken out." This motion was not allowed and no further reference to this matter was made during the trial. No comment on the matter of insurance was made in the charge to the jury.

Counsel for plaintiff now urges as reason for a new trial that it was error not to strike out the testimony mentioned because it disclosed that plaintiff's loss was paid by an insurance company. It is urged that this was an injustice to plaintiff, but it is conceded that it would

not have been error to disclose that fact to the jury had the new Rules of Civil Procedure adopted by the Supreme Court with respect to actions by real parties in interest been then in effect. These rules became effective September 4, 1939, but did not apply to actions pending at that time. This suit was then pending.

With respect to these rules it may be observed that Pa. R. C. P. 2002 provides for actions to be prosecuted by and in the name of the real party in interest, and Pa. R. C. P. 2004 is as follows:

"If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff."

The argument that disclosing to the jury that plaintiff's loss was paid by an insurance company worked an injustice to plaintiff is an argument against the justice of the rules above mentioned. These rules were adopted with the intention of aiding justice and in favor of the public interest. What was permitted in the exercise of discretion to remain in the record in the instant case can in trials hereafter under the new rules be made to appear as a matter of right. It follows that plaintiff suffered no injustice. It may be observed that one advantage to be derived from the new rules is ensuring the right of a defendant to meet situations such as here presented, to make it less likely that there should in a verdict be a capitalization of sympathy for an individual plaintiff as against a defendant corporation where the individual plaintiff had actually been reimbursed by an insurance company that was the real party in interest.

It is our opinion that the verdict of the jury was right on the evidence submitted as to how the accident happened and that no reason exists for a new trial of this case.

*Order*

And now, November 19, 1940, after consideration, the motion for a new trial is refused and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.